Philippe LAJAUNIE, 15 John Corporation, Plaintiffs–
Appellants,

v.

SAMUELS AND SON SEAFOOD CO., INC., Saldutti, LLC, Robert L. Sal-

dutti, Defendants–Appellees.[1]

No. 15–78–cv.

United States Court of Appeals,
Second Circuit.

Aug. 25, 2015.

Michael Ferrari, Ferrari & Ferrari LLP, New York, NY, for Appellants.

Edward Simon Benson (Joseph G. Gulino, Benjamin N. Gonson, on the brief), Nicoletti Gonson Spinner LLP, New York, NY, for Samuels and Son Seafood Co., Inc., Thomas Robert Dominczyk, Maurice & Needleman P.C., Flemington, NJ, for Saldutti, LLC, and Robert L. Saldutti, for Appellees.

PRESENT: GUIDO CALABRESI, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiffs Philippe Lajaunie and 15 John Corp. sued defendants Samuels and Son Seafood Co., Saldutti, LLC, and Robert L. Saldutti in New York state court, alleging fraud in procuring a Pennsylvania state court judgment that injured plaintiffs' credit ratings. Defendants removed the case to federal court and moved for dismissal for lack of subject-matter jurisdiction under the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals*

*v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Plaintiffs appeal from the judgment of dismissal in defendants' favor. At oral argument Plaintiffs abandoned the appeal with respect to the district court's conclusion that the *Rooker–Feldman* doctrine deprives the federal courts of jurisdiction to hear the case. We therefore express no opinion on whether the district court appropriately determined that Plaintiffs' claims were barred by the *Rooker–Feldman* doctrine.

Plaintiffs now challenge only the district court's dismissal of the case, and argue that it should instead have remanded the case to New York state court. We agree. As we made clear in *Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423 (2d Cir.2014), "[t]he *Rooker–Feldman* doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it. When a case has been removed from state court to federal court, 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Id.* at 427 (quoting 28 U.S.C. § 1447(c)) (internal citation omitted).

Accordingly, we VACATE the dismissal judgment of the district court and REMAND the case to the district court with instructions to remand to New York state court.

**1.** The Clerk of Court respectfully is directed to amend the official caption as shown above.